IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHAM-O, INC., | |
| Plaintiff, | No. C 06-04551 JSW |
| v. | **ORDER GRANTING MOTION TO TRANSFER** |
| SLB TOYS USA, INC., | |
| Defendant. | |

## INTRODUCTION

This matter comes before the Court upon consideration of the motion to transfer venue filed by SLB Toys USA, Inc ("SLB"). Having considered the parties' pleadings, relevant legal authority and having had the benefit of oral argument, the Court HEREBY GRANTS SLB's motion.

## BACKGROUND

On March 1, 2006, SLB filed an action in the Central District of California against Wham-O, Inc. ("Wham-O"), Cornerstone Overseas Investments Ltd., Charterhouse Group, Inc., and Traxi, LLC ("the Central District action"). In its complaint in the Central District action, SLB asserted causes of action for trademark infringement, trade dress infringement, common law trademark infringement, breach of confidential and fiduciary relationship, and unfair competition. With respect to the trademark claims, SLB asserted that Wham-O and the other defendants infringed its trademark and tradedress rights with respect to SLB's "*Banzai Falls*"

line of water slide products. (*See, SLB Toys USA, Inc. v. Wham-O, Inc.*, CV06-1382 (RSWL), Complaint.)[1]

Wham-O asserted counterclaims against SLB in the Central District action and contended that SLB infringed Wham-O's color marks and tradedress pertaining to Wham-O's "*Slip 'N Slide*" water slide product line. (Weingarten Decl., Ex. B (Answer and Counterclaim at pp. 6-14).)

On July 26, 2006, Wham-O filed the complaint in this action, alleging that SLB has infringed and diluted Wham-O's "*Wave Rider*" mark. (*Wham-O, Inc. v. SLB Toys USA, Inc.*, 06-4551-JSW, Complaint.) The "Wave Rider" is part of the "*Slip 'N Slide*" product line. (Wham-O Complaint, Ex. 2.) It is undisputed that SLB's "Wave Rider" product is not a water slide.

On August 16, 2006, SLB moved to transfer this action to the Central District of California.

**ANALYSIS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the moving party, SLB bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires production of affidavits or declarations identifying key witnesses and anticipated testimony).

In order for a district court to transfer an action under section 1404, it must make the following two findings: (1) that the transferee court is one where the action "might have been brought;" and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute in this case that SLB could have brought this action in the Central District of California. Accordingly, SLB has met its burden on this prong.

---

[1] Attached as Exhibit A to the Declaration of Alex M. Weingarten in Support of Defendant SLB Toys USA, Inc.'s Motion to Transfer Venue to Central District of California ("Weingarten Decl.").

To determine whether SLB has met its burden on the second prong, the Court considers the following factors: plaintiff's choice of forum; convenience of the parties; convenience of the witnesses; access to compulsory process of third party witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative court congestion in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). It is within the Court's discretion to determine whether the convenience of the parties, convenience of the witnesses, and the interests of justice would be served by transfer. *E. & J. Gallo*, 899 F. Supp. 2d at 466. The Court also considers the fact that SLB filed the Central District action first. *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (discussing "first-to-file" rule).

### 1. The Plaintiff's Choice of Forum.

A court should give the plaintiff's choice of forum deference unless the defendant can show that the other factors of convenience clearly outweigh that choice. *Decker Coal Co.*, 805 F.2d at 843. In opposing the motion to transfer, Wham-O contends that the Court should afford great deference to Wham-O's choice to file in its home forum. Wham-O acknowledges that the Central District action was filed earlier than this case but argues that SLB's assertions regarding the relationship between this case and the Central District action are misleading because different marks are at issue and because the allegedly infringing products are not water slides. As noted, the *"Wave Rider"* mark is a mark falling within Wham-O's *Slip 'N Slide* product line, the product line at issue in the Central District action. Because of the potential overlap between the two actions and because SLB filed the Central District action first, the Court gives less weight to Wham-O's choice of forum.

### 2. The Convenience of the Parties.

In addition to considering the plaintiff's choice of forum, when deciding a motion to transfer a court considers the relative convenience of the competing forums to all the parties involved in the lawsuit. *Gulf Oil Co.*, 330 U.S. at 508. SLB argues that it would be more convenient for it to litigate this matter in the Central District, its home forum, while Wham-O

3

argues that it would be more convenient to litigate the case in the Northern District, its home forum. The record establishes that party witnesses are located in both the Central District and the Northern District. Wham-O contends that some of its employees are located in Massachusetts, Texas and Missouri. (*See* Declaration of Sarah Givan, Ex. 1; Declaration of Myrna Hennessy, ¶¶ 6-8). SLB offers no evidence of out-of-state party witnesses who would be required to travel, nor does SLB suggest that it would be easier to travel to Los Angeles rather than San Francisco. However, whether the matter is pending in Los Angeles or San Francisco, out-of-state witnesses will be required to travel to California. Accordingly, the Court considers this factor to be neutral.

### 3. The Convenience of the Witnesses and Compulsory Process of Third Party Witnesses.

The convenience of the witnesses is often the most important factor when deciding a motion to transfer, as is the availability of key witnesses not within compulsory process of a district court is a factor. *See Gulf Oil Co.*, 330 U.S. 508-09. As stated previously, party witnesses are located in both the Central and Northern Districts. As with party witnesses, SLB has not identified with specificity any out-of-state third-party witnesses who would have information material to Wham-O's claims. Wham-O advises the Court that third party witnesses are located in Minnesota, Arkansas, Michigan and New Jersey. Because key witnesses are located in both the Central and Northern Districts and because SLB has not shown that it would be more convenient for out-of-state witnesses to travel to Los Angeles rather than San Francisco, the Court finds these two factors to be neutral.

### 4. The Ease of Access to Sources of Proof.

Access to sources of proof is another factor to consider when evaluating a motion to transfer. *Gulf Oil Co.*, 330 U.S. at 508. Again, SLB does not address this factor specifically but its principal place of business is within the Central District. Therefore, it is likely that much of SLB's evidence is located there. Similarly, Wham-O's principal place of business is within the Northern District and therefore its evidence likely is located within this district. The Court finds this factor to be neutral.

4

### 5. The Local Interest.

Another consideration in a decision to transfer venue is the local interest in having localized controversies decided at home. *Gulf Oil*, 330 U.S. at 508. Neither Wham-O nor SLB has addressed this particular factor and because both parties are California residents, the Court finds this factor to be neutral.

### 6. Familiarity of each forum with the applicable law

With respect to the trademark claims at issue, the law applied by this Court and its counterpart in the Central District will be the same. The Court finds that this factor is neutral.

### 7. Relative court congestion in each forum.

Wham-O has requested that this Court take judicial notice of statistics regarding the number of cases filed, terminated and pending within the Northern and Central Districts. That request is GRANTED. Based on those statistics it appears that the Northern District is slightly less congested than the Central District, and this factor would therefore weigh against transfer.

### 8. Interests of Justice.

Although the majority of the factors regarding transfer are neutral, when the Court considers the interests of justice, and judicial efficiency and economy, those considerations tip the balance in favor of transfer. First, the parties already have engaged in discovery in the Central District action. Second, Wham-O admits that there is likely to be some overlap between these two actions with respect to that discovery. Third, and finally, the Court is not persuaded that the marks at issue in the Central District action are not pertinent to the resolution of the claims in this case. Accordingly, having concluded that the interests of justice tips the balance in favor of transfer, the Court GRANTS SLB's motion. The Clerk is directed to transfer this action to the Central District of California forthwith.

**IT IS SO ORDERED.**

Dated: October 3, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE